ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUL 23 P 4: 01

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JUSTO PASTOR RODRIGUEZ-RODRIGUEZ, | ) ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 312-057 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, filed the current action under 28 U.S.C. § 2241. For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 2) be **DEEMED MOOT** and that the instant petition be **DISMISSED**.[1]

I. **BACKGROUND**

Petitioner was charged on July 16, 2008, with one count of aggravated re-entry of a deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).[2] United States v. Rodriguez-Rodriguez, Criminal Case No. 208-196, doc. no. 1 (W.D. La. July 16, 2008) (hereinafter "CR 208-196"). Petitioner pleaded guilty to count one of the indictment and on January 15, 2009, he was sentenced to 120 months of imprisonment, followed by five years of supervised

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

[2] Petitioner indicates that he is a citizen of Honduras and that the underlying offense was his third entry into the United States; he further acknowledges that he had twice been deported from the United States before committing the underlying offense. (Doc. no. 1, pp. 2-3.)

release. Id., doc. nos. 15, 18, 25. The Fifth Circuit Court of Appeals affirmed the judgment on January 5, 2010. United States v. Rodriguez-Rodriguez, No. 09-30033 (5th Cir. Jan. 5, 2010).

Although Petitioner does not acknowledge in his petition that he took any further action to challenge his conviction or sentence, the Court notes that Petitioner next filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the Western District of Louisiana.[3] CR 208-196, doc. no. 34. Petitioner's motion to vacate, set aside, or correct his sentence was denied on January 19, 2011, as was his untimely request to appeal that decision. Id., doc. nos. 38, 39, 44, 46. Subsequently, Petitioner filed in the Western District of Louisiana a "Motion to Remedy Enhancement Under Recency Act," arguing that the United States Sentencing Commission had recently amended U.S.S.G. § 2L1.2(b)(1) to limit sentencing enhancements for previously deported defendant based on "stale" prior convictions.[4] Id., doc. no. 47. Thus, Petitioner argued that because his prior convictions were "stale," the district court's rationale for departing upwardly based on these convictions was unjustified. Id. On February 23, 2012, he district court denied Petitioner's motion, noting that "Amendment 754[,] which amended U.S.S.G. § 2L1.2(b)(1)(B)[,] cannot be applied retroactively." Id., doc. no. 52.

In the instant motion, Petitioner now argues that the sentencing court unreasonably departed from the Sentencing Guidelines because its rationale for the upward departure was based on old convictions, which Petitioner contends is unconstitutional under 18 U.S.C. § 3553

---

[3]In his § 2255 petition, Petitioner argued he had received ineffective assistance of his trial counsel, and he argued that the district court had improperly considered his alien status as a sentencing factor. See generally CR 208-196, doc. no. 34.

[4]Amendment 754 amended U.S.S.G. § 2L1.2(b)(1) effective November 1, 2011. See United States Sentencing Guidelines, Appendix C, Volume III, p. 406, *available at* http://www.ussc.gov/Guidelines/2011_Guidelines/Manual_PDF/Appendix_C_Vol_III.pdf.

2

in light of Amendment 754. (See generally, doc. no. 1.) The Court resolves the matter as follows.

## II. DISCUSSION

Although a federal prisoner may resort to § 2241 to challenge the execution of his sentence by the Federal Bureau of Prisons, Petitioner is instead challenging the fundamental validity of his sentence. Thus, even though this case was commenced pursuant to 28 U.S.C. § 2241, the Court must consider the availability of habeas relief under the circumstances of this case. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255(h) & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255(f).

In the instant case, Petitioner has attempted to circumvent these requirements by filing a petition under § 2241. A federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding

3

when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted. . . ." Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test. As set forth above, Petitioner must satisfy all three prongs of the test before the savings clause of § 2255 can "open the portal" to § 2241 relief. Consequently, the instant petition should be dismissed.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* (doc. no. 2) be **DEEMED MOOT** and that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 23rd day of July, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4